19619

Barbara A. SKIPPER, Respondent, v. Robert B. STANLEY, Appellant

(196 S. E. (2d) 634)

416

John K. Rutenbery, Esq., of Bellamy, Rutenberg & Epps, P.A., for Appellant,

James B. Van Osdell, Esq., of Copeland & Van Osdell, of Myrtle Beach, for Plaintiff-Respondent,

May 7, 1973.

LEWIS, Justice.

This appeal is from an order of The Family Court of Horry County adjudging appellant to be the father of an il-

legitimate child and requiring him to contribute to the support thereof. The issues were decided by the court without a jury. Appellant has filed thirty (30) exceptions to the order of the trial judge, which he contends in his brief present ten (10) questions to be decided.

All questions involve the admissibility of testimony. Questions two, five, seven, eight, and nine relate to. the alleged erroneous admission of hearsay testimony; four and six challenge the admissibility of certain letters and medical bills; one contends that testimony by respondent as to the relationship between her and appellant prior to the date the child was conceived was too remote and should have been excluded; three objects to an opinion by respondent as to the basis for certain actions of appellant; and question ten is based upon the allegation that error was committed in excluding testimony offered by appellant as to the reputation of respondent for truth and veracity.

It would serve no useful purpose to deal separately with all of the questions. Questions one through nine involve either clearly admissible testimony, or discretionary rulings of the trial judge with no abuse of discretion shown. The exceptions raising these questions are clearly without merit and warrant no further discussion.

The tenth question is of more concern. There the trial judge committed error in refusing to permit testimony by appellant's second wife as to respondent's general reputation for truth and veracity. While the exclusion of this testimony was error, we are not convinced that it was prejudicial, so as to require a new trial.

The main issue in the case involved the paternity of the child. Respondent testified that the child was conceived about May 17, 1969 and that appellant was the father. Appellant testified that he had relations with respondent, but not after March 1969, although he admitted that he saw her alone on several occasions after that date. He further testified that he went to the home of respondent's parents and admitted

418

to them that he was the father of the child. While appellant offered an explanation of this admission of paternity, the foregoing and other testimony presented a strong showing that he was the father.

In view of the substantial showing of appellant's paternity and the evident interest of appellant's second wife, the impeaching witness, there is no reasonable probability that the impeaching testimony, if admitted, would have had any effect on the decision of the trial judge who heard the matter without a jury.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and Bussy, Brailsford and Littlejohn, J.J., concur.